

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2017 SEP 20  PM 12: 00

CLERK US DISTRICT CO
MIDDLE DISTRICT OF FLO.
TAMPA FLORIDA

NICHOLAS HYNES,

     Plaintiff,

-VS-

     CASE NO.: 8:17 cv 2176 T 30 TGW

CAPITAL ONE BANK (USA), NATIONAL
ASSOCIATION and PORTFOLIO
RECOVERY ASSOCIATES, LLC,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Nicholas Hynes, by and through the undersigned counsel, and sues Defendant, CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION ("CAPITAL ONE") and PORTFOLIO RECOVERY ASSOCIATES, LLC, ("PORTFOLIO") (hereinafter collectively "Defendants") and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like CAPITAL ONE and PORTFOLIO from invading American citizen's privacy and prevent abusive "robo-calls."

1

TLG - 45938
$800

2.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

3.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.     According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

5.     This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.      The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

10.     Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692a(3).

11.     Plaintiff is an "alleged debtor."

12.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

13.     Defendant, CAPITAL ONE, is a corporation is a corporation with its principal place of business located at 1680 Capital One Drive, McLean, Virginia, 22102 and which conducts business in the State of Florida.

14.     Defendant, CAPITAL ONE, is a "creditor" as defined by Florida Statute 559.55(5).

15.     Defendant, CAPITAL ONE, consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractor; including, but not limited to Defendant "PORTFOLIO."

16.     Defendant, PORTFOLIO, is a corporation formed in Delaware with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia 23502 and which conducts business in the State of Florida through its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

17.     Defendant PORTFOLIO is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

18.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

19.     Defendant's called Plaintiff on Plaintiff's cellular telephone approximately two hundred (200) times in an attempt to collect a debt.

20.     Defendant's attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

21.     Defendant's intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

4

22.     Upon information and belief, some or all of the calls the Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiff will testify that he knew it was an auto-dialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line.

23.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (407) ***-1606, and was the called party and recipient of Defendant's calls.

24.     Defendants' placed an exorbitant number of automated calls to Plaintiff's cellular telephone (407) ***-1606 in an attempt to collect on a credit card loan.

25.     On several occasions over the last four (4) years, Plaintiff instructed Defendants' agent(s) to stop calling his cellular telephone.

26.     Specifically on one occasion, in or around July 2016, Plaintiff spoke with an Agent of Defendants and stated "Please stop calling me at this number. Please don't call me anymore at this number."

27.     Further, on June 5, 2017, Plaintiff again spoke with an Agent of Defendants and stated "Please don't call me." Each call Defendants' made to Plaintiff's cell phone after revocation was done so without the "expressed permission" of the Plaintiff and in violation of the TCPA.

28.    Despite Plaintiff informing Defendants to stop calling Defendants' auto-dialer calls to Plaintiff's cellular phone continued.  Due to the volume and time period over which he received automated calls, Plaintiff was not able to properly catalogue each and every call from Defendants.

29.    The autodialer calls from Defendants came from telephone numbers including but not limited to (214) 329-0188; (312) 985-7061; (404) 410-1202; (407) 545-6393; (518) 375-3576; (610) 351-1605; (610) 628-2231; (630) 405-5198; (844) 343-1590; (866) 940-7640; (954) 227-0936, and when those numbers are called a pre-recorded voice or agent answers and identifies the number as belonging to PORTFOLIO.

30.    CAPITAL ONE and PORTFOLIO knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to four (4) times a day, with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject account.

31.    CAPITAL ONE and PORTFOLIO has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to the Plaintiff's cellular telephone in this case.

32.    CAPITAL ONE and PORTFOLIO has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or CAPITAL ONE and PORTFOLIO, to remove the number.

33. CAPITAL ONE and PORTFOLIO's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to CAPITAL ONE and PORTFOLIO they wish for the calls to stop.

34. CAPITAL ONE and PORTFOLIO has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

35. CAPITAL ONE and PORTFOLIO has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

36. CAPITAL ONE and PORTFOLIO has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call the consumers.

37. CAPITAL ONE and PORTFOLIO's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

38. CAPITAL ONE and PORTFOLIO has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

39. None of CAPITAL ONE and PORTFOLIO's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

40. CAPITAL ONE and PORTFOLIO willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

41.     From each and every call placed without express consent by CAPITAL ONE and PORTFOLIO to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

42.     From each and every call without express consent placed by CAPITAL ONE and PORTFOLIO to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from CAPITAL ONE and PORTFOLIO's call.

43.     From each and every call placed without express consent by CAPITAL ONE and PORTFOLIO to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls he answered, the time he spent on the call was unnecessary as he had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

44.     Each and every call placed without express consent by CAPITAL ONE and PORTFOLIO to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of

Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

45.     Each and every call placed without express consent by CAPITAL ONE and PORTFOLIO to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

46.     Each and every call placed without express consent by CAPITAL ONE and PORTFOLIO to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

47.     Each and every call placed without express consent by CAPITAL ONE and PORTFOLIO to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

48.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, and aggravation.

## COUNT I
### (Violation of the TCPA by Defendant, Capital One Bank (USA), National Association)

49.     Plaintiff fully incorporates and re-alleges paragraphs one through forty-eight (1-48) as if fully set forth herein.

50.     CAPITAL ONE willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified CAPITAL ONE that he wished for the calls to stop.

51.     CAPITAL ONE repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CAPITAL ONE for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA by Defendant, Capital One Bank (USA), National Association)

52.     Plaintiff fully incorporates and re-alleges paragraphs one through forty-eight (1-48) as if fully set forth herein.

53.     At all times relevant to this action PORTFOLIO is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

54.     PORTFOLIO has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

55.     PORTFOLIO has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

56. PORTFOLIO's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PORTFOLIO for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the TCPA by Defendant, Portfolio Recovery Associates, LLC)

57. Plaintiff fully incorporates and re-alleges paragraphs one through forty-eight (1-48) as if fully set forth herein.

58. PORTFOLIO willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified PORTFOLIO that he wished for the calls to stop.

59. PORTFOLIO repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PORTFOLIO for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
**(Violation of the FCCPA by Defendant, Portfolio Recovery Associates, LLC)**

60.     Plaintiff fully incorporates and re-alleges paragraphs one through forty-eight (1-48) as if fully set forth herein.

61.     At all times relevant to this action PORTFOLIO is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

62.     PORTFOLIO has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

63.     PORTFOLIO has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

64.     PORTFOLIO's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PORTFOLIO for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT V
**(Violation of the FDCPA by Defendant, Portfolio Recovery Associates, LLC)**

65.     Plaintiff fully incorporates and realleges paragraphs one through forty-eight (1-48) as if fully set forth herein.

66.   At all times relevant to this action PORTFOLIO is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

67.   PORTFOLIO has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

68.   PORTFOLIO has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

69.   PORTFOLIO has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PORTFOLIO for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
mbradford@forthepeople.com
Counsel for Plaintiff